In determining whether the State has presented a prima facie case, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences from that evidence, and consider the evidence in the light most favorable to the State. Foster v. State, 705 So.2d 534
(Ala.Crim.App. 1997). After examining the evidence in this case in light of this Court's recent decision in Hobdy v. State,919 So.2d 318 (Ala.Crim.App. 2005), I cannot agree that Brand was entitled to a judgment as a matter of law on the third-degree domestic-violence charge.
The trial court was presented with evidence from which conflicting inferences could be drawn as to whether Brand and the victim had a "dating relationship." It was for the trial court to make the necessary inferences from the evidence and the credibility determinations with respect to the witnesses' testimony that would underpin its findings and judgment. The evidence indicated that Brand and the victim socially interacted for two years, during which they engaged in activities that are customary to a dating relationship — they "hung out together," went to the movies *Page 756 
together, and had sex together at least once. The evidence also indicated that Brand went into a jealous rage when he saw the victim talk to another man while they were out at the strip club together on the night of the incident. To me, it is counterintuitive to conclude that jealousy of this sort is not strong evidence indicative of some kind of relationship beyond that of mere casual fraternization, or at least indicative of a strong personal bonding on the part of Brand, especially when the evidence indicated that Brand and the victim had socially interacted for two years. The credibility of the victim's testimony as to whether she had dated Brand or whether she and Brand were boyfriend and girlfriend was for the trial court to determine.
In Hobdy, 919 So.2d at 325, this Court stated that "what constitutes a dating relationship for purposes of the domestic-violence statute must be determined by thefact-finder on a case-by-case basis." (Emphasis added.) Because I believe that the evidence was sufficient to support the trial court's finding that Brand and the victim had engaged in a dating relationship pursuant to § 13A-6-132, Ala. Code 1975, and because it is not the province of this Court to reweigh evidence that was presented to the trial court oretenus in a nonjury case, I would affirm the trial court's judgment. Accordingly, I must respectfully dissent.
 *Page 51